FILED

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ft. Myers Division**

2009 AUG -6  AM 10: 50

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

Case No.: _____

**RONALD FREDERICK**
individually and on behalf of
all others similarly situated,

Plaintiff,

2:09-cv-515-FtM-29DNF

v.

**PRISON REHABILITATIVE INDUSTRIES
AND DIVERSIFIED ENTERPRISES, INC.**,
a Florida corporation, and **JOHN DOES 1-10**,

Defendants.
_____/

## COMPLAINT

Plaintiff, Ronald Frederick, on his own behalf and on behalf of all others similarly situated, sue Defendants, Prison Rehabilitative Industries and Diversified Enterprises, Inc., a Florida corporation and John Does 1-10 (collectively "PRIDE" unless otherwise noted) for violating the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA").

**Parties, Jurisdiction, Venue, Facts, Etc.**

1. Plaintiff Ronald Frederick is a resident of Collier County, Florida. At all relevant times he was and remains employed by PRIDE. Plaintiff supervises inmates. He is paid a weekly salary but routinely works in excess of 40 hours per week. He is not paid overtime. Other employees of PRIDE who perform the same work are paid hourly (including overtime) for all hours worked. Plaintiff is apparently misclassified as exempt pursuant to the FLSA.

2. Defendant PRIDE is a Florida corporation that does business throughout Florida. It is an employer within the meaning of the FLSA.

3. Defendants John Does 1-10 are the individuals responsible for not paying the Plaintiffs in compliance with the FLSA.

4. Jurisdiction is based on 28 U.S.C. § 1331 (federal question jurisdiction).

5. Venue is proper because all of the facts and allegations that form the basis of this Complaint occurred within Collier County, Florida. 28 U.S.C. § 89.

6. Plaintiff has retained counsel and is obligated to pay a fee for services rendered.

### Count I – Fair Labor Standards Act
(against all Defendants)

7. Plaintiff incorporates paragraphs 1 – 7.

8. Plaintiff was and is a non-exempt employee of PRIDE within the meaning of the FLSA.

9. PRIDE was and remains an employer within the meaning of the FLSA.

10. Plaintiff works for PRIDE.

11. Plaintiff works in excess of 40 hours per week.

12. Plaintiff is not compensated for the hours he works in excess of 40 per week.

13. PRIDE's violation of the FLSA was willful and intentional.

14. Plaintiff is entitled to an award of back pay and liquidated damages equal to the amount of the back pay.

### Demand for Jury Trial

Plaintiff demands a trial by jury on all issues so triable.

### Prayer for Relief

Plaintiffs prays that this Court enter judgment in his favor against Defendants, Prison Rehabilitative Industries and Diversified Enterprises, Inc. and John Does 1-10 (jointly and severally) and award monetary damages for back pay, liquidated damages, reasonable attorneys' fees and costs and any other relief this Court deems appropriate.

Dated: August 4, 2009

Respectfully submitted,

_____
Matthew Seth Sarelson, Esq.
Fla. Bar No. 888281
**SARELSON LAW FIRM, P.A.**
1401 Brickell Avenue, Suite 510
Miami, Florida 33131
305-379-0305
800-421-9954 (fax)
msarelson@sarelson.com
Counsel for Plaintiff